**In re CABE, INC., d/b/a Southern Hills Country Club, Debtor.**

**MID–SOUTH BANK & TRUST COMPANY, Plaintiff,**

**v.**

**CABE, INC., d/b/a Southern Hills Country Club, Defendant.**

**Bankruptcy No. 384–00779.**

United States Bankruptcy Court, M.D. Tennessee.

June 19, 1984.

Russell H. Hippe, Jr., and P. Michael Richardson, Nashville, Tenn., for debtor, Cabe, Inc.

Mark S. Moore, Murfreesboro, Tenn., for plaintiff, Mid-South Bank & Trust Co.

ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on Mid-South Bank and Trust Company's (hereinafter referred to as "Mid-South") motion for relief from the stay pursuant to 11 U.S.C. § 362(d) (West 1979) in order to foreclose on its security interest in real property held by the debtor. The parties have stipulated that Mid-South has a secured claim against the debtor in the amount of $1,085,198.13 plus interest and

that the debtor has no equity in the real property securing Mid-South's claim. Therefore, the issues before the court are whether the property is necessary for the debtor's reorganization and whether Mid-South's security interest is adequately protected. Upon consideration of testimony of witnesses, stipulations, exhibits, statement of counsel, and the entire record, this court concludes that Mid-South's motion for relief from the stay should be DENIED.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The debtor, Cabe, Inc., is a Tennessee corporation, formed on June 25, 1982, for the purpose of acquiring and developing a 250-acre tract of land in Rutherford County, Tennessee. The debtor intended to convert the raw land into a golf course and residential development. Mid-South provided financing for the acquisition of this property and received a deed of trust in said property from the debtor. After the debtor began construction of the project, it experienced difficulties due to an unexpected withdrawal of certain construction funds, the second mortgage holder's refusal to grant certain partial releases, and a depressed real estate market. On March 22, 1984, the debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

During the hearing on this matter, Mid-South proffered evidence concerning valuation of the subject property. Mr. William Patterson, an appraiser, testified that the property had decreased from a pre-construction value of $1.2 million to a value on May 1, 1984, of $976,800. This decline in property value was attributed to a halt in construction before the development was complete, the erosion of top soil and an increase in the flood plain.[1] Mid-South's proof failed to establish what portion, if any, of the decline in property value was attributable to the time period subsequent to the debtor's filing of its bankruptcy petition.

Mid-South also presented testimony establishing that the debtor had unsuccessfully attempted to sell the subject property and alleged that since this sale could not be consummated, the subject property was unnecessary for reorganization.

The debtor presented a plan of reorganization and testimony as to its probable success. The plan provides for the continued development of the subject property with an infusion of capital provided by Mr. Arthur Cacaro, a majority stockholder of the debtor, to enable the completion of a golf course. The deposition of Mr. Leon Bass, an appraiser, suggested that the development of a golf course would increase the value of the subject property by twenty to thirty percent. Both Mr. Cacaro and Mr. Huddleston testified that the plan of reorganization was based on the development of the subject property and that this development was feasible under the financing contemplated by the plan.

In order for a party to obtain relief from the stay pursuant to 11 U.S.C. § 362(d) (West 1979), one of two grounds must be established. Either the debtor must, under § 362(d)(2), have no equity in the property for which relief is sought *and the subject property must not be necessary for an effective reorganization or, under § 362(d)(1), cause, including the lack of adequate protection, for granting relief from the stay must exist.*

Since the parties have stipulated that the debtor does not have equity in the subject property, Mid-South would be entitled to relief from the stay if the debtor failed to prove that the subject property was necessary for an effective reorganization. *Coble Systems, Inc. v. Coors of the Cumberland, Inc.,* 19 B.R. 313 (Bankr.M.D.Tenn.1982); 11 U.S.C. § 362(g)(2) (West 1979). In this case, the evidence established that the sub-

---

**1.** The testimony established that the new flood plain raised the high-water mark of the river adjoining the subject property by five feet. Although this would submerge a small portion of the subject property, Mr. Henry Huddleston, an engineer, testified that the plans could be reworked to account for this change without any significant loss in marketable property.

ject property was the primary asset of the debtor and that the reorganization plan was based upon future development of this property. Accordingly, the court can only conclude that the property is necessary for an effective reorganization and Mid-South is not entitled to relief from the stay pursuant to § 362(d)(2).

■ Mid-South would be entitled to relief from the stay pursuant to 11 U.S.C. § 362(d)(1) (West 1979) if the debtor was unable to establish that Mid-South was adequately protected. Under § 362(d)(1) a creditor is entitled to protection from a decrease in the value of its collateral as of the date of the filing of the debtor's bankruptcy petition. *Green Mountain Bank v. Jamaica House, Inc.,* 31 B.R. 192, 195 (Bankr.D.Vt.1983); *Provident Bank v. BBT,* 11 B.R. 224, 229 (Bankr.Nev.1981); *Credit Alliance Corporation v. Nixon Machinery Company,* 9 B.R. 316 (Bankr.E.D. Tenn.1981). Adequate protection need not be provided by the debtor for any decline in value which occurred prior to the date of the filing of the bankruptcy petition.

■ The evidence herein established that the subject property had declined in value by approximately $200,000 since a point in time prior to the filing of the bankruptcy petition. The testimony of the debtor's appraiser, Mr. Bass, was that there had been no decline in the value of the subject property since the filing of the bankruptcy petition on March 22, 1984. Mid-South's appraiser, Mr. William Patterson, testified that the land was continuing to decline in value; however, he presented no testimony concerning what decline in property value, if any, had occurred since March 22, 1984. This court is of the opinion that the debtor has carried its burden of proof in establishing that the subject property has not declined in value since the filing of this bankruptcy petition and that no significant risks of future decline in value presently exist.

The court ORDERS that Mid-South's motion for relief from the stay is hereby DENIED.

IT IS, THEREFORE, SO ORDERED.