### In re CAMELLIA COURT APARTMENTS, LTD., Debtor.

**Bankruptcy No. 2–90–00392.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 13, 1990.

Kenneth R. Cookson, J. Roger Davis, Carlile Patchen Murphy & Allison, Columbus, Ohio, for Debtor.

Ronald N. Towne, Linda S. Guran, Akron, Ohio, for Creditor Shawmut Bank N.A. and Shawmut National Trust Co., Trustees of American Pioneer Commercial Loan Remic Trust 1988–1.

Jay Alix, Southfield, Mich., Trustee for Cardinal Industries, Inc. and Cardinal Industries of Florida, Inc.

Charles M. Caldwell, Columbus, Ohio, Office of the U.S. Trustee.

## OPINION AND ORDER ON MOTION FOR RELIEF FROM STAY

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the motion filed by Shawmut Bank, N.A. and Shawmut National Trust Company, Trustees of American Pioneer Commercial Loan Remic Trust 1988–1 (the "Movant"), for relief from the automatic stay. The debtor, Camellia Court Apartments, Ltd. (the "Debtor"), filed a memorandum contra to the motion. The matter was heard March 15, 1990, following which the Court took the matter under advisement.

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(G). The following constitute findings of fact and conclusions of law.

### I. PRELIMINARY FACTS

The Debtor is the owner of certain real property known as the Camellia Court Apartments (the "Property") located in Daytona Beach, Florida. The Property includes a 60 unit apartment complex built 13 years ago and comprised almost exclusively of standard one bedroom apartments.

On September 17, 1984, the Debtor executed a Mortgage Note for the sum of $950,000.00 payable to Heritage Federal Savings and Loan Association ("Heritage Federal"). American Pioneer Savings Bank ("American Pioneer") became the successor by merger to Heritage Federal. The Mortgage Note was subsequently assigned to the Movant and American Pioneer acts as servicer.

The Debtor also executed a Mortgage Deed and an Addendum to Mortgage dated September 17, 1984 to secure repayment of the obligations under the Mortgage Note. Both the Mortgage and the Addendum (collectively the "Mortgage") were filed for

record with the Recorder of Volusia County, Florida on September 20, 1984. Repayment of the Debtor's obligations under the Mortgage are further secured by a Security Agreement and a Collateral Assignment of Rents and Leases which were executed contemporaneously with the Mortgage. These documents grant a security interest in all personal property located on the Property and in all rental income and revenue from the Property (the "Rents"). The security interests were perfected by the filing of financing statements with the county recorder and secretary of state.

Under the terms of the Mortgage, the Debtor was required to make monthly payments of $9,589.40 through August 15, 1989, and a balloon payment on September 15, 1989 for the entire balance of the principal and accrued interest. Upon default by the Debtor, the Movant initiated state court proceedings to foreclose on the Property and also sought the appointment of a state court receiver. Platinum Coast Management Company (the "Receiver") was appointed receiver for the Property and a foreclosure sale was scheduled for January 24, 1990. On January 19, 1990 the Debtor filed its voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

On February 22, 1990 the Movant filed for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). The Movant contends that it is entitled to relief because the Debtor has failed to provide adequate protection, there exists "cause" due to the fact that the Debtor has permitted the physical condition of the Property to deteriorate and the Debtor lacks equity in the Property and has no means to effectively reorganize its operations.

## II. ISSUES

There are three issues for the Court's determination:

1. Is the Movant entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2) because the Debtor lacks equity in the Property and there can be no effective reorganization of the Debtor's operations?

2. Has the Movant shown cause for relief from the automatic stay by the Debtor's failure to provide adequate protection of the Movant's interest in the Property within the meaning of 11 U.S.C. § 362(d)(1)?

3. Has the Movant shown cause for relief from the automatic stay within the meaning of 11 U.S.C. § 362(d)(1) by the Debtor permitting the physical condition of the Property to deteriorate?

## III. DISCUSSION

A. *Relief From Stay Pursuant to 11 U.S.C. § 362(d)(2) For Lack of Equity And Lack of Necessity of The Property For An Effective Reorganization*

■ Section 362(d)(2) of the Bankruptcy Code provides in relevant part:

(d) On request of a party in interest ... the Court shall grant relief from the stay provided under subsection (a) of this section ...

(2) with respect to a stay of an act against property under subsection (a) of this section if—

(A) the debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2). In order to obtain relief pursuant to 362(d)(2) the Movant must satisfy both conditions set forth in the subsection. *First Federal Savings & Loan Assoc. of Lima v. Shriver (In re Shriver)*, 33 B.R. 176, 186 (Bankr.N.D.Ohio 1983).

■ In the present case, the Movant was unsuccessful in its attempt to have admitted into the record any evidence regarding the current appraised value of the Property, and the Debtor orally moved to dismiss the motion. Without any evidence of value the Movant failed to satisfy the first element of § 362(d)(2) that the Debtor lacks equity in the Property. Therefore, the Court granted the Debtor's oral motion to dismiss with regard to the Movant's re-

quest for relief from stay pursuant to § 362(d)(2).

### B. Adequate Protection As Cause For Relief From Stay Pursuant To 11 U.S.C. § 362(d)(1)

■ The record is completely devoid of any evidence that the Property has declined in value since the filing of the Debtor's bankruptcy petition. To the contrary, one of the Movant's witnesses testified that the Property has not declined in value since the automatic stay was imposed. Therefore, the Court cannot find that the Movant's interest in the Property is not adequately protected.

■ The Court finds that adequate protection is not an issue with regard to the Movant's interest in the Rents. The Movant successfully sought the appointment of a receiver and, thus, voluntarily consented to the Receiver's collection and use of the Rents. Therefore, the Debtor is not using the Rents. As long as the Receiver retains its control over the Rents, the Movant cannot argue that the Debtor is required to offer adequate protection for the Movant's interest in the Rents.

Accordingly, the Court will not grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for lack of adequate protection.

### C. Deteriorated Condition Of The Property As Cause For Relief From Stay Pursuant to 11 U.S.C. § 362(d)(1)

The Movant contends that the Debtor has permitted the Property to deteriorate to such a state of disrepair that the Debtor's actions, or more appropriately its inactions, constitute "cause" for relief from the stay under § 362(d)(1). The Movant presented substantial evidence of the Property's neglected physical condition. An employee of the Receiver authenticated numerous photographs which showed specific examples of the disrepair. The employee also confirmed that two units were presently uninhabitable, and stated that the potential exists for an additional unit to be lost each subsequent month due to further deterioration.

■ In response, the Debtor argues that the Movant's contention regarding the prepetition deterioration of the Property is misplaced. The Debtor argues that the appropriate test for relief is whether the Property has deteriorated since the automatic stay was imposed by the filing of the Chapter 11 petition.

The Court agrees with the Debtor. Under § 362(d)(1) a creditor is generally entitled to protection from any decline in the value of its allowed secured claim following the imposition of the automatic stay. The creditor is not entitled to adequate protection for a decline in value which occurred prepetition. *Mid–South Bank & Trust Co. v. Cabe, Inc. (In re Cabe, Inc.)*, 41 B.R. 222, 224 (Bankr.M.D.Tenn.1984). The value to be protected is determined as of the bankruptcy filing date.

■ The Movant's same witness testified that the Property had not deteriorated, nor had a single unit become uninhabitable since the Debtor filed its bankruptcy petition. In fact, the Receiver had undertaken to make certain repairs and had obtained bids for the remainder of the repairs needed. Further, the Debtor proposed a means for funding the necessary repairs if it regained control of the Property. The Court must assume the Movant found those means acceptable because it did not object.

Therefore, the Court will not grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause.

### III. CONCLUSION

Based upon the foregoing, the Movant's Motion for Relief from Stay is denied. Such denial is without prejudice to a renewal of the motion if the circumstances involving the Property change significantly or the Debtor fails to make essential repairs within a reasonable period after regaining control and possession of the Property.